IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KLLM TRANSPORT SERVICES, LLC,
Individually and as assignee of McLane
Company, Inc., d/b/a
KLLM LOGISTICS SERVICES                                              PLAINTIFF

v.                                        CIVIL ACTION NO. 1:24-CV-149-SA-DAS

GREEN LINE TRUCKING, INC. and
SKYE LIMIT LOGISTICS, LLC                                        DEFENDANTS

## ORDER AND DEFAULT JUDGMENT

On August 7, 2024, KLLM filed its Complaint [1] against Green Line Trucking and Skye Limit Logistics.

The facts of this case are straightforward. On August 31, 2022, KLLM, a freight broker, contracted with Green Line Trucking for the transport of frozen chicken from Mississippi to Texas. McLane Company, Inc. owned the chicken, but KLLM arranged the transport on McLane's behalf. According to KLLM, Green Line Trucking improperly double brokered transportation of the product to Skye Limit Logistics. KLLM contends that Skye Limit "failed to set and/or maintain the temperature gauge of the refrigerated trailer. As a direct result, the Cargo which was perishable in nature and was required to be kept at a specific temperature, was received 'out of temp' and deemed as a total loss[.]" [1] at p. 4.

The initial estimated total amount of the loss was $84,544.32. McLane was able to salvage a portion of the cargo, mitigating the amount of the loss to $68,824.81. KLLM requested payment from Green Line Trucking and was eventually notified of the improper double brokering. Thereafter, KLLM filed a claim directly with Skye Limit Logistics' insurance carrier, The Littleton Group. The Littleton Group denied the claim based on a policy exclusion and because the insured did "not cooperate[] with [the] investigation." [1], Ex. 5 at p. 1.

This lawsuit followed. KLLM asserts a federal claim for cargo loss or damage pursuant to 49 U.S.C. § 14706 (the Carmack Amendment) and a state law claim for trespass to chattels/conversion against both Defendants. Additionally, it asserts a separate breach of contract claim against only Green Line Trucking.

Both Defendants have been served with process. *See* [3], [10]. Despite being properly served, neither Defendant has filed an answer or otherwise appeared to defend itself in this case. The Clerk of Court has entered default against both of them. *See* [6], [12]. Through the present Motion [13], KLLM seeks a default judgment.

*Analysis and Discussion*

"Pursuant to 'Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff.'" *Gaskill-Clayborn v. Mighty Oaks Child Development Cntr., LLC*, 2020 WL 8642296, at *1 (N.D. Miss. Nov. 23, 2020) (citing *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015)). "[T]here are three steps to obtaining a default judgment: first, default by the defendant; second, entry of default; and third, entry of a default judgment." *Id.* (citing *Gray v. MYRM Holdings, L.L.C.*, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012)). The first two steps have been satisfied here. The only question before the Court is whether a default judgment should be entered.

"To determine whether a default judgment should be entered, the Court conducts a three-question analysis: (1) 'whether the entry of default judgment is procedurally warranted;' (2) 'whether there is a sufficient basis in the pleadings for the judgment;' and (3) 'what form of relief, if any, the plaintiff should receive.'" *Id.* (citing *J & J Sports*, 126 F. Supp. 3d at 814).

2

I. *Procedural Justification*

"To determine whether a default judgment is procedurally warranted, a court should consider (1) 'whether material issues of fact are at issue;' (2) 'whether there has been substantial prejudice;' (3) 'whether the grounds for default are clearly established;' (4) 'whether the default was caused by a good faith mistake or excusable neglect;' (5) 'the harshness of a default judgment;' and (6) 'whether the court would think itself obliged to set aside the default on the defendant's motion.'" *American Fidelity Assurance Co. v. Archie*, 2023 WL 2776205, at *2 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

As to the first factor, where a party fails to answer or respond to the complaint, there are no material facts at issue. *EW Polymer Grp., LLC v. GSX Int'l Grp., Inc.*, 622 F. Supp. 3d 232, 237 (M.D. La. 2022) (citing *Lindsey*, 161 F.3d at 893). Second, a party's failure to respond may prejudice a plaintiff because it "threatens to bring the adversary process to a halt, effectively prejudicing [its] interests." *American Fidelity Assurance Co.*, 2023 WL 2776205 at *2 (citation omitted). Third, the grounds for default are clearly established in the record. *See id*. Fourth, no evidence in the record whatsoever indicates that either Defendants' failure to answer or respond to the Complaint [1] was a result of a good faith mistake or excusable neglect. Fifth, "[the] failure to file a responsive pleading or otherwise defend the instant lawsuit mitigates the harshness of a default judgment." *EW Polymer Grp., LLC*, 622 F. Supp. 3d at 237 (citing *Lindsey*, 161 F.3d at 893). Sixth, the record currently contains no facts that would oblige the Court to set aside the default judgment if challenged. All factors currently weigh in favor of entry of default judgment in KLLM's favor.

II.  *Sufficient Basis in the Pleadings*

Next, the Court must determine whether there is a sufficient basis in the pleadings for a default judgment. *Gaskill-Clayborn*, 2020 WL 8642296 at *1 (citing *J & J Sports Prods., Inc.*, 126 F. Supp. 3d at 814). "Even when a defendant is in default, a plaintiff is not 'entitled to a default judgment as a matter of right.'" *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022) (citation omitted). "[T]he Court must assess the merits of Plaintiff's claims and determine whether Plaintiff has a claim for relief." *EW Polymer Grp., LLC*, 622 F. Supp. 3d at 237 (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "[T]he factual allegations in the complaint must 'be enough to raise a right to relief above the speculative level.'" *American Fidelity Assurance Co.*, 2023 WL 2776205 at *3 (citing *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015)). "In conducting this analysis, 'the district court takes as true the facts asserted by a plaintiff against a defaulting defendant' because '[t]he defendant, by his default, admits the plaintiff's wellpleaded [sic] allegations of fact." *Id*. (citing *Escalante*, 34 F.4th at 492).

A.  Cargo Loss or Damage – The Carmack Amendment

"The Carmack Amendment to the Interstate Commerce Act defines the parameters of carrier liability for loss and damage to goods transported under interstate contracts of carriage." *Chisesi Brothers Meat Packing Co., Inc. v. Transco Logistics Co.*, 2017 WL 2189829, at *3 (E.D. La. May 18, 2017). To state a valid claim for relief under the Carmack Amendment, a plaintiff must allege "(1) that it delivered the goods to Defendant in good condition, (2) that the goods were either not delivered or were delivered in damaged condition, and (3) the amount of its damages." *Id*. (quoting *Rouquette v. N. Am. Van Lines*, 2014 WL 5213852, at *2 (E.D. La. Oct. 14, 2014)).

Here, there is undoubtedly a sufficient basis in KLLM's Complaint [1] as to each of these elements. KLLM attached to its Complaint [1] documentation to substantiate its assertions. KLLM

4

alleges that it delivered the goods to Green Line Trucking in good condition for purposes of transporting said goods to a location in Texas. The Complaint [1] further alleges that the goods were delivered at the final destination in an unacceptable or damaged condition. Finally, the Complaint [1] provides the amount of damages caused by the wrongful conduct.

The Court has no trouble finding that the alleged facts, which are now deemed admitted by virtue of the default, establish a claim as to both Defendants under the Carmack Amendment.

KLLM is entitled to a judgment in its favor on that claim.

B. State Law Claims

KLLM also asserts a state law claim for trespass to chattels/conversion against both Defendants and a breach of contract claim against only Green Line Trucking. Having already concluded that there is a sufficient basis in the pleadings to support the claim under the Carmack Amendment, the Court sees no need to address the other claims in great detail. However, the same facts that support the Carmack Amendment claim—that is, the delivery of goods in damaged condition—support the trespass to chattels/conversion claim.

The breach of contract claim against Green Line Trucking is substantiated by the allegations in the Complaint [1] that KLLM has paid the cargo owner (McLane Company) for the loss but Green Line Trucking has not provided indemnification as required under the parties' contract.

A default judgment in KLLM's favor on both state law claims is warranted.

III. Relief Requested

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *Center v. Total Body Contouring Inc.*, 2017 WL 1093203, at *6 (N.D. Miss. Mar. 23, 2017) (quoting *U.S. For Use of*

5

*M-CO Const., Inc. v. Shipco. Gen., Inc.*, 814 F.2d 1011, 1015 (5th Cir. 1987). "Rather, '[d]amages must be proven by a hearing or a demonstration of detailed affidavits establishing the necessary facts.'" *Id.* (quoting *J & J Sports*, 126 F. Supp. 3d at 813).

In the Complaint [1], KLLM requests judgment "for the sum of at least $68,824.81, plus contractual pre-judgment interest, costs, expenses, and attorney's fees, and post-judgment interest at the legal rate until satisfied." [1] at p. 8.

KLLM attached to its Motion for Default Judgment [13] a declaration executed by Cassie Icamina, who holds the position of Vice President of Sales & Logistics for the company. She represents in the declaration that KLLM has "incurred actual damages in the amount of $68,025.17" in addition to costs and expenses in the amount of $448.50 (which includes $405.00 for the filing fee in this case). [13], Ex. 1 at p. 2. Additionally, KLLM requests post-judgment interest pursuant to 28 U.S.C. § 1961.

KLLM's requested relief is properly supported by the documentation on file. The Court will award the full amount requested.

*Conclusion*

For the reasons set forth above, the Motion for Default Judgment [13] is GRANTED. The Court hereby enters judgment in favor of KLLM and against Green Line Trucking, Inc. and Skye Limit Logistics, LLC in the amount of $68,473.67, plus post-judgment interest. The Defendants are jointly and severally liable for that amount. This CASE is CLOSED.

THIS the 8th day of September, 2025.

/s/ Sharion Aycock  
SENIOR UNITED STATES DISTRICT JUDGE